NO. 07-02-0163-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 24, 2002



______________________________




DARRICK WAYNE CARTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;



NO. 899462; HONORABLE JON HUGHES, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Upon a plea of guilty, appellant Darrick Wayne Carter was convicted of possession
of a controlled substance, namely cocaine and, in accordance with a plea bargain,
sentenced to three years confinement in the Institutional Division of the Department of
Criminal Justice. Appellant then filed a pro se notice of appeal. 

 We have received the clerk's record in this matter and a notification that there is no
reporter's record. However, nothing further has been done to prosecute the appeal. On
June 5, 2002, we notified appellant that his brief was due on May 13, 2002, and that we
had received neither a brief nor a motion for extension of time to file one. We directed
appellant to file a response to the notice by June 17, 2002, or the appeal would be abated
to the trial court. We have received no response to that letter. 

 We must therefore abate this appeal and remand to the 248th District Court of Harris
County for a hearing as provided for in Texas Rule of Appellate Procedure 38.8(b). Upon
remand, the judge of the trial court shall immediately cause notice to be given and conduct
a hearing to determine:

 1. Whether appellant has abandoned his appeal.


 2. If appellant has not abandoned his appeal, the trial court shall determine
if appellant is indigent and if the appointment of an attorney is necessary.


 3. If it be determined that an attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 4. If appellant is not indigent, whether he has failed to make the necessary
arrangements for prosecuting his appeal, and if he has not done so, what
orders are necessary to ensure those arrangements are made.


 5. If any other orders are necessary to ensure the diligent and proper pursuit
of appellant's appeal. 


 In support of its determination, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than July 24, 2002.

 It is so ordered. 

 Per Curiam

Do not publish.